IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIM E. HOLZ,                    :
      Plaintiff,            :
                       :        1:14-cv-2352
    v.                          :
                       :        Hon. John E. Jones III
COMMONWEALTH OF                 :
PENNSYLVANIA, *et al.*,         :
      Defendants.           :

## MEMORANDUM

## February 19, 2015

Plaintiff, Tim E. Holz, an inmate currently confined at the United States

Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated the instant

*pro se* civil rights action pursuant to 28 U.S.C. § 1331.  (Doc. 1).  Plaintiff has filed

a motion for leave to proceed *in forma pauperis* and a prisoner authorization.

(Docs. 2, 3).

The named Defendants are the Commonwealth of Pennsylvania, the Wayne

County Court, Judge S.H. Myers, and B. Sudul, a lieutenant formerly assigned to

the United States Penitentiary in Waymart, Pennsylvania.  (Doc. 1, p. 5).  Plaintiff

alleges that Judge Myers was involved in a conspiracy to commit his murder.

(Doc. 1, pp. 7-8).  Plaintiff alleges that in October 2011, "Judge S.H. Myers was

inside the Special Housing Unit standing directly on my cell's door looking inside

my cell door window" with Lieutenant Sudul, and the two individuals formulated a

murder plot.  (*Id.*).  For relief, he seeks $60 billion in compensatory and punitive damages.  (Doc. 1, p. 10).

Upon consideration of the above-captioned action, the Court finds that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g), prohibits Plaintiff from proceeding *in forma pauperis* as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim.  *See Ibrahim v. District of Columbia*, 208 F.3d 1032 (D.C.Cir. 2000).  *See also Holz v. U.S.A. Corp., et al.*, No. 1:14-cv-2057 (M.D. Pa. 2014) at (Doc. 17).

It is evident that Plaintiff's allegations do not indicate that he "is under imminent serious physical injury."  *See* 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury").  Further, there are no allegations that a threat of danger is real and proximate.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to

2

section 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (concluding

that the "imminent danger" exception is available "for genuine emergencies,"

where "time is pressing" and "a threat . . .  is real and proximate").  Therefore,

Plaintiff's claim fails to meet the imminent danger exception to section 1915(g).

      A separate Order follows.